Filed 3/9/23  P. v. Murrillo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079731 |
| v. | (Super.Ct.No. 16CR033451) |
| RANDY MAURICIO MURRILLO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Alexander R. Martinez, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Randy Mauricio Murrillo appeals from a final judgment following a plea of guilty, based on the sentence imposed or other matters occurring after the plea.  For the reasons set forth *post*, we affirm the judgment.

1

## STATEMENT OF THE CASE

Defendant and appellant Randy Mauricio Murrillo appeals from a final judgment following a plea of guilty, based on the sentence imposed or other matters occurring after the plea (Cal. Rules of Court, rule 8.304(b)(3); Pen. Code,[1] § 1237, subd. (b)).  We affirm.

On November 13, 2017, an information charged defendant with one count of murder (§ 187, subd. (a) (count 1)) and alleged enhancements for the personal use of a firearm (§ 12022.53, subd. (b)), personally and intentionally discharging a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharging a firearm and proximately causing death (§ 12022.53, subd. (d)).

On July 27, 2022, the information was amended to add one count of voluntary manslaughter (§ 192, subd. (a) (count 2)), to allege an enhancement for personal use of a firearm (§ 12022.5), and to allege that the crime involved great violence, a circumstance in aggravation that justifies the imposition of a term of imprisonment exceeding the middle term (§ 1170, subd. (b)(2)).

Pursuant to a negotiated disposition, defendant pled guilty[2] to count 2, admitted the firearm enhancement, and stipulated that an aggravated term is justified because the crime involved great violence.  In addition, defendant signed a plea addendum admitting

---

[1]  All further statutory references are to the Penal Code unless otherwise specified.

[2]  The trial court's minutes state that the defendant pled no contest to count 2, but both the reporter's transcript of the plea hearing and the signed plea declaration indicate that the defendant pled guilty.

2

that the provisions of former section 1170.95 (now § 1172.6) "would not apply because the Defendant was the actual shooter and acted with the intent to kill." After accepting the defendant's plea, the trial court dismissed count 1.

On September 2, 2022, the trial court sentenced defendant pursuant to the plea agreement to an aggregate state prison term of 21 years, consisting of the upper term of 11 years for voluntary manslaughter and a consecutive 10 years for the personal use of a firearm.

In addition, the court imposed a court construction fee of $30 (Gov. Code, § 70373), a court operations fee of $40 (Pen. Code, § 1465.8), a restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)), and a parole revocation restitution fine of $300, stayed (Pen. Code, § 1202.45). The trial court also ordered defendant to pay victim restitution to the California Victims Compensation Board in the amount of $7,499.98 (Pen. Code, § 1202.4, subd. (f)).

The court awarded defendant a total of 2,579 days of presentence custody credit, consisting of 2,243 days of actual time and an additional 336 days of conduct credit (§ 2933.1).

On September 6 and September 15, 2022, defendant timely filed notices of appeal. The trial court denied both of defendant's requests for certificates of probable cause.

## FACTUAL AND PROCEDURAL HISTORY

According to the police report[3], on the night of July 11, 2016, officers responding to a robbery alarm at the "Office Bar"[4] in San Bernardino found the victim, James W., lying on the sidewalk with gunshot wounds to his upper torso. He was pronounced dead at the scene. Officers learned there had been a fight in the bar that escalated into the shooting, which occurred just outside the doorway of the bar. Three spent cartridge casings were recovered from the parking lot.

Witnesses told police that the victim had been involved in a fight with three Hispanic males, one of whom hit the victim with a glass object which broke and cut the victim causing him to bleed from the forehead.

A uniformed security guard attempted to break up the fight and deployed a Taser on the victim, but it had no effect. The fight moved toward the door. As the men were exiting the bar, three gunshots were heard. The victim ran through the parking lot and south on E street, where he fell and died from his injuries. Two of the men he had been fighting with were seen leaving in an older Cadillac, and the shooter was seen driving away in a white SUV.

Most of the fight and the shooting was captured on the bar's video security system. Officers reviewing the recordings identified several of the participants, including the defendant. Just prior to the shooting, the defendant can be seen on the video

---

[3] At the plea hearing, the parties stipulated that the facts contained in the police report provide a factual basis for the defendant's plea.

[4] Also referred to as the "Office Saloon." Hereafter, "Office Bar."

displaying the handgun to another member of the group. A former bartender who had been drinking with the group earlier in the evening was seen on the video talking and dancing with the defendant. She told police that she didn't know him or his name but was able to confirm the defendant's identity by his photograph.

On July 13, 2016, a warrant was obtained, and defendant was arrested while leaving his residence in a white SUV. The defendant told police that he was at the Office Bar that night with several friends, and they were drinking heavily. The defendant said that one of his friends got into a fight, and he assisted his friend until a security guard deployed a Taser. The defendant said he followed as the fight moved outside to the parking lot, but he could not remember what happened after that. He said he was too drunk and " 'blacked out.' "

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error: "Whether [defendant]'s sentence is authorized under Penal Code section[s] 1170, subdivision (b) and 1385, subdivision (c)?"

5

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error. We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.